**FOR PUBLICATION**

```
          IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
               DIVISION OF ST. THOMAS & ST. JOHN

                                   )
THE COUNCIL OF INSURANCE           )
AGENTS + BROKERS,                  )
                                   )
          Plaintiff,               )    Civil No. 2004-16
                                   )
     v.                            )
                                   )
VARGRAVE RICHARDS, in his          )
official capacity as the           )
Virgin Islands Commissioner        )
of Insurance,                      )
                                   )
          Defendant.               )
_____)
```

**ATTORNEYS:**

**James M. Derr, Esq.**
St. Thomas, U.S.V.I.
   *For the plaintiff*,

**Carol Thomas-Jacobs, Esq.**
St. Thomas, U.S.V.I.
   *For the defendant*.

## ORDER

**GÓMEZ, J.**

Before the Court is the joint motion of the plaintiff, the Council of Insurance Agents + Brokers (the "Council") and the defendant, Vargrave Richards (the "Insurance Commissioner"), for clarification of this Court's July 18, 2006, Order granting the Council's motion for summary judgment against Richards.

The Council is a trade association that represents over 300 of the nation's largest commercial property/casualty insurance agencies and brokerage firms. Its members include insurance

*Council of Insurance Agents v. Richards*
Civil No. 2004-16
Order
Page 2

agents and brokers who are licensed in the Virgin Islands, but who reside outside of the Virgin Islands.

On February 10, 2004, the Council, on behalf of its members, brought this action against Richards, the Insurance Commissioner of the Virgin Islands. In his capacity as the Insurance Commissioner, Richards is charged with administering the insurance laws of the Virgin Islands. *See* V.I. Code Ann. tit. 22, § 53 (1968). The Council's complaint alleged that title 22, sections 220 and 772 of the Virgin Islands Code ("Section 220" and "Section 772," respectively) unlawfully discriminate on the basis of residency. The Council sought a judgment from the Court declaring Sections 220 and 772 unconstitutional. It also requested an injunction to prevent the Insurance Commissioner from enforcing the discriminatory provisions.

The parties filed cross-motions for summary judgment. On July 19, 2006, after conducting a hearing on the motions, the Court issued a Memorandum Opinion and Order granting the Council's summary judgment motion and denying Richards' motion. In the July 19, 2006, Memorandum Opinion, the Court explained that

> [t]he challenged provisions specifically impose two conditions on nonresident agents or brokers who solicit, negotiate, or effect an insurance contract involving any Virgin Islands risk.
>
> First, a nonresident agent shall not:
>
> > [I]ssue an insurance contract covering a subject of insurance resident, located, or to be performed in this

*Council of Insurance Agents v. Richards*
Civil No. 2004-16
Order
Page 3

> territory unless the insurance contract . . . is countersigned by its licensed agent . . . resident in this territory . . . .

22 V.I.C. § 220(a) [].

> Second, the countersigning agent:

> [S]hall receive not less than ten percent (10%) of the premium on bonds and all such lines of insurance as a countersignature fee, but in no event may such countersigning resident agent or manager receive more than fifty percent (50%) of the commission payable to the nonresident licensee.

22 V.I.C. § 772(d) [].

(Memorandum Opinion 3, July 19, 2006.)

In that Opinion, the Court found that, "[n]otwithstanding the constitutional protections afforded individuals who work in the insurance industry, the Virgin Islands countersignature provisions treat nonresident insurance agents differently than resident agents." (*Id.* at 9.) The Court further determined that "[n]one of the reasons suggested by the Insurance Commissioner to justify Section 772 and Section 220's discrimination against nonresident agents constitute a substantial reason for differing treatment between resident and nonresident agents and brokers. Additionally, the purported justifications do not substantially relate to the Insurance Commissioner's stated objectives." (*Id.* at 11.) Consequently, the Court held, "the countersignature laws codified in title 22, sections 220 and 772 of the Virgin Islands

*Council of Insurance Agents v. Richards*
Civil No. 2004-16
Order
Page 4

Code violate the Privileges and Immunities Clause of the United States Constitution[1]. . . ." (*Id.* at 12.)

    In the Order accompanying the July 19, 2006, Memorandum Opinion, the Court declared "that *title 22, sections 220 and 772 of the Virgin Islands Code violate the Privileges and Immunities Clause of the United States Constitution and are therefore null and void and without effect*." (Order 2, July 19, 2006) (emphasis added). That Order also enjoined the Insurance Commissioner from denying nonresident agents and brokers the same rights and privileges afforded to resident agents and brokers.

    Now, the Council and Richards, jointly, move for clarification of the July 19, 2006, Order. That Order, they contend, renders the entirety of Sections 220 and 772 null and void and without effect. However, the Council and Richards assert that certain provisions of Sections 220 and 772 were not challenged in this action and should not be held unconstitutional pursuant to the July 19, 2006, Order. In support of their clarification motion, the parties have reproduced the full text of Sections 220 and 772, striking through the particular portions to which they agree the July 19, 2006, Order extends. The

---

[1] Article IV, Section 2 of the United States Constitution provides that "[t]he Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States." U.S. Const. art. IV, § 2. The Privileges and Immunities Clause is applicable to the Virgin Islands pursuant to section 3 of the Revised Organic Act. *See* 48 U.S.C. § 1561.

*The Council of Ins. Agents + Brokers v. Richards*
Civil No. 2004-16
Order
Page 5

parties' stipulation also includes a footnote that restates certain assurances and understandings of the parties.

The Court agrees that the entirety of Sections 220 and 772 should not be rendered unconstitutional by the July 19, 2006, Order. Rather, Sections 220 and 772 were deemed unconstitutional only insofar as the requirements contained therein "impermissibly deny licensed nonresident insurance agents and brokers the rights and privileges that are afforded licensed agents and brokers that reside in the Virgin Islands." (Memorandum Opinion 13, July 19, 2006.)

Accordingly, it is hereby

**ORDERED** that the motion for clarification of the July 19, 2006, Order is **GRANTED;** it is further

**ORDERED** that the July 19, 2006, Order is **VACATED;** it is further

**DECLARED** that Sections 220 and 772 violate the Privileges and Immunities Clause and Equal Protection Clause of the United States Constitution to the extent that they deny to Virgin Islands-licensed nonresident insurance agents the same rights and privileges that they afford to Virgin Islands-licensed resident agents; it is further

**ORDERED** that the Insurance Commissioner, in his official capacity, is **ENJOINED** from denying to Virgin Islands-licensed nonresident agents the same rights and privileges that Virgin

*The Council of Ins. Agents + Brokers v. Richards*
Civil No. 2004-16
Order
Page 6

Islands-licensed resident agents possess under Sections 220 and 772; it is further

**ORDERED** that nothing in this Order affects the right and ability of the Insurance Commissioner to enforce against Virgin Islands-licensed nonresident agents all the same requirements imposed on Virgin Islands-licensed resident agents under the same circumstances; it is further

**ORDERED** that this Order is binding on the Insurance Commissioner, and his officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise; it is further

**ORDERED** that all pending motions in this matter are **DENIED** without prejudice; and it is further

**ORDERED** that the Clerk of the Court shall close this matter.

                                S\_____
                                    **Curtis V. Gómez**
                                    **Chief Judge**